**UNITED STATES of America,**
**Plaintiff,**

v.

**Lance K. POULSEN, et al., Defendants.**

**No. CR2–06–129.**

United States District Court,
S.D. Ohio,
Eastern Division.

Feb. 8, 2008.

---

Frederick Douglas Benton, James Lloyd Ervin, Jr., Benesch, Friedlander, Coplan & Aronoff, LLP, D. Michael Crites, Rich Crites & Dittmer LLC, Janet E. Kravitz, Max Kravitz, Christa D Deegan, Kravitz, Brown & Dortch, LLC, Columbus, OH, Joseph Duffy, Chicago, IL, Craig A. Gillen, Gillen Parker & Withers LLC, Atlanta, GA, Brian Edward Dickerson, The Dickerson Law Group, Upper Arlington, OH, for Defendants.

## OPINION AND ORDER

ALGENON L. MARBLEY, District Judge.

This matter is before the Court on the Government's motion to preclude the trial testimony of Defendants' expert Wayne Barnes. For the reasons described below, the Court **GRANTS IN PART** and **DENIES IN PART** the Government's motion.

## I. BACKGROUND

Between 1971 and 2000, Wayne Barnes worked as an FBI agent. During the course of his career, Barnes worked many different types of cases, including health-care-fraud cases. Accordingly, Defendants wish to offer him as an expert about the Government's investigatory practices and techniques in connection with such cases. In his expert report, Barnes offers the cursory opinion "that the government did not conduct a proper investigation, nor do they have the necessary understanding of the health care industry and fraud within the industry." Barnes bases his opinion on his review of court filings, documents, and witness interviews in this case, but says that his proposed testimony at trial will primarily be based upon the anticipated testimony of the Government's witnesses. Defendants thus intend to have Barnes sit through the trial so that he may observe the testimony of the Government agents who conducted the investigation into NCFE's collapse, and then opine on the adequacy of that investigation in light of his twenty-nine years of experience at the FBI.

## II. ANALYSIS

The Government contends that Barnes's testimony should be excluded because it does not pass muster under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469

(1993), which requires expert testimony to satisfy a certain threshold of reliability in order to be admissible. The Government says that Barnes's testimony is unreliable because he fails to spell out any industry standards or methodologies he has applied to arrive at his opinion that the Government's investigation into the NCFE fraud was flawed. Further, the Government says that Barnes falls short of *Daubert's* reliability standard because he has not explained where in applicable journals or publications his preferred methods are endorsed and the Government's are disfavored, nor has he described the rate of error associated with his and the Government's techniques.

■ The Court finds that the Government's argument is premised on a too rigid application of the *Daubert* factors. *Daubert* dealt with scientific testimony and although its holding extends to testimony based on any "specialized knowledge," in this latter context the *Daubert* factors may not be "reasonable measures of the reliability of expert testimony." *Gross v. Comm'r,* 272 F.3d 333, 339 (6th Cir.2001); *see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (stating that application of the *Daubert* factors in a particular case may not be appropriate, depending on the nature of the testimony). More to the point, Barnes's testimony is not susceptible to exclusion just because he failed to articulate a precise methodology that is widely accepted in the law-enforcement community and that can be tested for its accuracy. Barnes's testimony is not based on any scientific principles, but on his extensive experience investigating crime as an FBI agent.

■ It is well established that experience-based testimony satisfies *Daubert's* reliability requirements. In *First Tennessee Bank National Association v. Barreto,* 268 F.3d 319, 333 (6th Cir.2001), for exam-

ple, the plaintiff challenged the defendant's expert's testimony on the grounds that it was not based on "technically valid reasoning or methodology." The *Daubert* factors were inapplicable, held the Sixth Circuit, because the expert's testimony was derived from his practical experience in the banking industry and "[o]pinions formed in such a manner do not easily lend themselves to scholarly review or to traditional scientific evaluation." *Id.* at 335. Similarly, the district court in *Flanagan v. Altria Group, Inc.,* 423 F.Supp.2d 697 (E.D.Mich. 2005), declined to strike an expert's affidavit about federal regulation of cigarette advertising. The movant claimed that the expert failed to explain the economic principles or methods on which his opinions were based. The district court held that the expert—an economist—did not apply any particular economic analysis, but instead relied on his specialized knowledge as a former economist at the Federal Trade Commission to reach his conclusions.

The same is true here. Barnes's proposed expert testimony grows out of the knowledge and experience he acquired as an FBI agent, not out of any procedures he has employed—or should be expected to have employed—in forming his opinions.

■ The Government also argues that Barnes's testimony will not assist the jury in resolving any fact in issue and therefore should be excluded as irrelevant. The Court disagrees. Although the jury will not be called upon to directly assess the competence of the Government's investigation, evidence tending to show that the Government failed to follow up on fruitful leads, misinterpreted information in a material way, or employed faulty investigative techniques, could be probative of whether the Government has made its case against Defendants. True, Defendants can attack the Government's investigation through ef-

fective cross-examination of the Government's law-enforcement witnesses, but just because Defendants can achieve their objectives in one way—e.g., cross-examination of the Government's witnesses—does not mean that they should be precluded from pursuing that objective in other ways as well—e.g., putting on their own expert witnesses.

The Court is aware of Sixth Circuit authority, including *United States v. Olender*, 338 F.3d 629 (6th Cir.2003), and *United States v. Veal*, 23 F.3d 985 (6th Cir.1994), upholding district court rulings excluding expert testimony critical of the Government investigation that led to the criminal charges at issue. In those decisions, the Sixth Circuit held that under the deferential abuse-of-discretion standard of review that governs district courts' evidentiary rulings, there was no basis for reversing the lower courts. Thus, neither *Olender*, nor *Veal*, mandates exclusion of expert testimony like that Barnes proposes to give. Because the Court concludes that Barnes's testimony satisfies the low bar of relevancy set by Federal Rule of Evidence 401, and because the Court is vested with the discretion to make such determinations, the Court holds that Barnes may testify.

Accordingly, the Government's motion is **DENIED** to the extent that the Government seeks to altogether exclude Barnes's testimony.

The Government also challenges Barnes's testimony on the grounds that his expert report does not fully comply with the expert-disclosure requirements of Federal Rule of Criminal Procedure 16(b)(1)(C). The Court agrees. To date, the only opinion Barnes has offered is that "the government did not conduct a proper investigation, nor do they have the necessary understanding of the health care industry and the fraud within the industry." Barnes has provided no reasons or bases

for this opinion, as required by Rule 16(b)(1)(C). The Court therefore **GRANTS** the Government's motion insofar as the Government seeks an order compelling Defendants to supplement Barnes's expert report. Defendants are **ORDERED** to serve their supplemental report at least two business days before Barnes testifies.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Government's motion to exclude the testimony of Wayne Barnes (docket no. 444).

**IT IS SO ORDERED.**